# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **FREDERICK DEMOND BUSH**<br>    **LA. DOC # 434769** | **CIVIL ACTION NO. 3:10-CV-0173** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **EAST CARROLL DETENTION**<br>**CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Frederick Demond Bush, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 29, 2010.  Doc. # 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated a the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana; however he complains that he was the victim of excessive force when he was imprisoned at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana.  Plaintiff sued ECDC, Captain Gregory Williams, and Captain Alphonso Jackson requesting an unspecified amount of damages for pain and suffering.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

According to plaintiff's complaint, on August 6, 2009, he was awakened when Williams and other Corrections Officers entered his dorm for head count.  Doc. # 1, p. 5.  Plaintiff was suddenly struck on his leg and he arose and said, "Don't hit me again."  *Id.*  Williams asked plaintiff to repeat himself; when he did, Williams ordered him out of his bunk and outside of the

dorm.  *Id.* at p. 6.  Once outside Williams began to choke plaintiff.  *Id.*  Plaintiff fell to the ground and Williams grabbed the front of plaintiff's shirt and pants and pulled him off the ground then threw him back to the ground.  *Id.*  As plaintiff attempted to rise Jackson sprayed him with "mace."  Later plaintiff was again told to rise and when he did he was pushed against the building.  *Id.*  He was then told to shower and rinse the mace from his eyes.  *Id.*  When he entered the shower he noticed that he was bleeding from his right testicle.  *Id.*  Plaintiff was examined the same day by prison medical staff.  *Id.*  Plaintiff attached an Inmate Grievance Form, as well as an Administrative Remedy Procedure ("ARP") form to his complaint, describing the incident in further detail.

On January 7, 2011, the undersigned held an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and *Flowers v. Phelps*, 956 F.2d 488 (5th Cir. 1992), *modified on other grounds*, 964 F.2d 400 (5th Cir. 1992).  *See* Mins, Jan. 7, 2011 [Doc. # 24].  After the hearing, the record was left open in order for defendants to obtain the deposition of plaintiff's witness, Mr. James Hunt.  Doc. # 22.   On February 10, 2011, defense counsel deposed Mr. Hunt by telephone at ECDC.

At the hearing, defendants moved for judgment as a matter of law on the grounds that plaintiff failed to meet his burden of proof.  Doc. # 23.  Defendants further moved for dismissal of all claims against them on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing the instant suit.  *Id.*  Finding that this matter is subject to dismissal with prejudice on the latter basis, the prior one need not be addressed.

## LAW AND ANALYSIS

"An evidentiary hearing consistent with *Flowers v. Phelps* amounts to a bench trial

replete with credibility determinations and findings of fact." *Adkins v. Kaspar*, 393 F.3d 559, 563 (5th Cir. 2004) (citations and internal quotation marks omitted).  Further, "[a] civil plaintiff seeking to recover damages for use of excessive force must prove his claim by a preponderance of the evidence." *Yarrito v. Cook*, 1995 WL 17788756 (5th Cir. June 22, 1995) (unpubl.) (citation omitted).  "Preponderance" means that it is more likely so, than not so.  *Matter of Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1164 (5th Cir. 1993) (citation omitted).  It remains within the province of the finder of fact to weigh conflicting evidence and inferences and to determine the credibility of witnesses.  *See Yarrito*, *supra*.

## I.      Exhaustion Principles

As stated *supra*, at the hearing held on January 7, 2011, defendants moved to dismiss plaintiff's claims on the grounds that he had failed to exhaust his administrative remedies prior to filing his current petition in the District Court.[1]  The Fifth Circuit recently addressed the procedure that courts should employ when considering a failure-to-exhaust defense:

> [w]hen the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits.  If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.  Then if the judge determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits.

*Dillon v. Rogers*, 596 F.3d 260, 270-73 (5th Cir. 2010) (footnote omitted).

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional

---

[1] Defendants preserved the exhaustion defense in their answer.  *See* Doc. # 10, Fourteenth Defense.

facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1197e(a).

Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the

administrative process.  *Woodford v. Ngo*, 548 U.S. 81, 95, 126 S.Ct. 2378, 2382-83 (2006)

(citations omitted).  All "available" remedies must be exhausted, whether speedy and effective,

or not.  *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  "Proper exhaustion

requires that the prisoner not only pursue all available avenues of relief but also comply with all

administrative deadlines and procedural rules."  *Johnson v. Kukua*, 342 Fed.Appx. 933, 934 (5th

Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford v. Ngo*, 548 U.S. at 89-93, 126 S.Ct. 2378)).  An

untimely or otherwise procedurally defective administrative grievance does not satisfy the

exhaustion requirement.  *Id.*  Furthermore, "the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong."  *Porter*, *supra* (citation omitted).

Exhaustion also applies to claims brought against defendants in their official and/or individual

capacities.  *See e.g.*, *Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76

Fed.Appx. 564 (5th Cir. Sept. 29, 2003 (unpubl.).

Under Louisiana law, the Department of Public Safety and Corrections and each sheriff is

authorized to adopt an administrative remedy procedure at each of their institutions.  La. R.S.

15:1171.  The administrative remedy procedure is intended to resolve complaints and grievances

that arise while the offender is in the custody of, or under the supervision of the department or

sheriff.  *Id.*  The procedure encompasses complaints and grievances for monetary, injunctive,

declaratory, or other relief stemming *inter alia* from conditions of confinement, personal injuries,

and medical malpractice.  *Id.*  These administrative procedures, when promulgated, provide the

offender's exclusive remedy - to the extent that federal law permits.  *Id.*  Finally, "status as an 'offender' is determined as of the time the basis for a complaint or grievance arises.  Subsequent events, including post-trial judicial action or release from custody, shall not affect status as an 'offender'..."  La. R.S. 15:1711(D).

The evidence adduced at the hearing establishes that the ECDC had an ARP in effect during the relevant period.  In fact, plaintiff acknowledged that he was aware that ECDC had such a policy.[2]  Plaintiff complied with the first step of the policy, which is filing an Inmate Grievance with the ECDC.  *See* Compl., pp. 5-7 [doc. # 1].  However, plaintiff skipped step two of the ARP, which is to file a "Request for Warden Review" if there is no response to the original Grievance.  Instead, plaintiff proceeded to Step 3 of the ARP, which involves sending details of the complaint to the Louisiana Department of Corrections.  Doc. # 1, pp. 8-9.  Plaintiff testified that he was unaware of the requirements of the ARP, specifically step two of the procedure.

The Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance.  *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. May 24, 2007) (unpubl.) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954, (5th Cir. Oct. 28, 2009) (unpubl.) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561, ( April 15, 2010) (unpubl.) (citation omitted).  Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances."  *Dillon v. Rogers*, 596 F.3d at 260, 267-268 (5th Cir. 2010) (citations omitted).  When an inmate has no means of verifying the administrative grievance process, then misleading information by prison officials may make

---

[2] In his complaint, plaintiff checked "yes" to the question, "[i]s there a prison grievance procedure in this institution?"  Doc. # 1, ¶ II.  Plaintiff further answered in the affirmative to the question, "[d]id you file an administrative grievance based upon the same facts which form the basis of this lawsuit?"  *Id.*

remedies unavailable.  *Id.*

Here, the instructions for steps one <u>and</u> two of the ARP are explicitly listed on the form for step one, "Inmate Grievance."[3]  Nevertheless, plaintiff failed to comply with step two of the ARP, and has not provided any reason for his failure to do so, other than his claim that he was unaware of step two.  In short, plaintiff has not presented any viable explanation sufficient to excuse his admitted failure to exhaust the available grievance procedures at ECDC.  Accordingly, the undersigned finds that plaintiff failed to exhaust his administrative remedies procedures available to him at the ECDC concerning the events leading to this lawsuit.

Finally, the undersigned notes that the East Carroll Detention Center presently remains a defendant in this action, despite the undersigned's earlier Memorandum Order instructing plaintiff to amend his complaint and dismiss ECDC, as it is a non-juridical defendant.[4]  Doc. # 4.

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that defendants' Motion to Dismiss plaintiff's claims for failure to exhaust administrative remedies be **GRANTED**, and that plaintiff's claims against

---

[3] The form reads as follows:

You must send this to the Warden within 30 days of the incident of which you are complaining. Send to the Warden by following proper rules and procedures.  Ask for a copy and print or write legible [*sic*].  Use [a] separate form for each grievance.  Do not file duplicate grievances.  The "First Responded" will respond to you within 15 days; however, he may request an extension of 5 extra days.  If you do not hear from the "First Respondent" within 20 days **you may file a Request for a Warden's Review within the following 5 days.**
Doc. # 1, p. 5 (emphasis added).

[4] Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether the ECDC has the capacity to be sued in this action.  Under Louisiana law, to posses such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ.Code Ann. art. 24.

6

Gregory Williams and Alphonso Jackson be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED THAT** defendants' motion for Judgment as a Matter of Law be denied as **MOOT**.

**IT IS FURTHER RECOMMENDED THAT** plaintiff's claims against the East Carroll Detention Center be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of April, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE